IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| Matthew Oehlers, | Case No. 3:11 CV 6 |
| Plaintiff, | MEMORANDUM OPINION AND ORDER |
| -vs- | JUDGE JACK ZOUHARY |
| Ohio Department of Transportation District 2, et al., | |
| Defendants. | |

### INTRODUCTION

Pending before the Court is Defendants' Motion for Judgment on the Pleadings (Doc. No. 17); Plaintiff has opposed (Doc. No. 18). For the following reasons, the Court finds Defendants' Motion well-taken.

### BACKGROUND

In this action, Plaintiff Matthew Oehlers asserts his former employer, Defendant Ohio Department of Transportation District 2 ("Department"), as well as his supervisors, individual Defendants Ross Echler and John Tansey, unlawfully discriminated against him. Plaintiff alleges reverse discrimination and unlawful termination in violation of Title VII; violations of his equal protection and procedural due process rights under 42 U.S.C. § 1983; and a claim under the Family and Medical Leave Act.

On all counts, Plaintiff asserts Defendants terminated him "allegedly for unsatisfactory performance during his probationary period" (Doc. No. 1 at 4, 6, 7, 9; Doc. No. 17-1 at 2). Plaintiff, who is male, also alleges Echler and Tansey wilfully discriminated against him by giving preferential treatment to other female employees.

After filing his federal action, Plaintiff filed an action against the Department in the Ohio Court of Claims, asserting he was unlawfully terminated in violation of R.C. § 4113.41 because he is a volunteer fire fighter. He also asserted claims against the Department for defamation and invasion of privacy.

### STANDARD OF REVIEW

A motion for judgment on the pleadings under Federal Civil Rule 12(c) is governed by the same standards as a motion under Rule 12(b)(6). *Lindsay v. Yates*, 498 F.3d 434, 437 n.5 (6th Cir. 2007). An action may be dismissed if the complaint fails to state a claim upon which relief can be granted. Federal Civil Rule 12(b)(6). The moving party has the burden of proving that no claim exists. Although a complaint is to be liberally construed, it is still necessary that the complaint contain more than bare assertions or legal conclusions. *In re DeLorean Motor Co.*, 991 F.2d 1236, 1240 (6th Cir. 1993) (citing *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir. 1988)). All factual allegations in the complaint must be presumed to be true, and reasonable inferences must be made in favor of the non-moving party. 2 MOORE'S FEDERAL PRACTICE, § 12.34[1][b] (Matthew Bender 3d ed. 2003). The court need not, however, accept unwarranted factual inferences. *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987). To survive a motion to dismiss, the complaint must present "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007).

**DISCUSSION**

**Claims Against the Individual Defendants**

Defendants argue Plaintiff waived his claims against Tansey and Echler pursuant to R.C. § 2743.02 when he filed a complaint in the Ohio Court of Claims against the Department, alleging Defendants unlawfully discharged him under state law because he is a volunteer firefighter. Ohio Revised Code Section 2743.02(A)(1) states:

> Filing a civil action in the Court of Claims results in a complete waiver of any cause of action, based on the same act or omission, which the filing party has against any officer or employee, as defined in Section 109.36 of the Revised Code. The waiver shall be void if the Court determines that the act or omission was manifestly outside the scope of the officer's or employee's office or employment or that the officer or employee acted with malicious purpose, in bad faith, or in a wanton or reckless manner.

In *Leaman v. Ohio Dep't of Mental Retardation & Developmental Disabilities*, the Sixth Circuit explained that while the State gives up something when it consents to jurisdiction (sovereign immunity), plaintiffs asserting claims against the State must also give something up (claims against individual state employees):

> The Ohio Court of Claims Act waives the state's sovereign immunity and declares that the state consents to be sued in the Court of Claims. Like most laws that embody compromises among conflicting interests, the statute does not represent a total victory for the class of people who gained the most from its enactment. Under the statute, as we have seen, claimants who might wish to take advantage of the state's waiver of its sovereign immunity are put on notice that the waiver will be effective as to them only if they themselves waive any cognate claims they might have against the states employees. And the statute tells prospective suitors in the Court of Claims that the waiver of cognate claims will be "a complete waiver of any cause of action . . . which the filing party has against any state officer or employee."

825 F.2d 946, 951–52 (6th Cir. 1987).

The Sixth Circuit noted that the word "any" as used in the statute is unambiguous and "the Ohio legislature clearly provided for waiver of federal causes of action, as well as causes of action

3

based upon state law." *Id.* at 952. "The Sixth Circuit has consistently applied *Leaman* to bar plaintiffs from bringing suit in federal court against a state employee after bringing suit against the state in the Court of Claims based on the same claim." *Plinton v. County of Summit*, 540 F.3d 459, 463 (6th Cir. 2008) (citing cases).

Moreover, the waiver occurs upon the *filing* of a claim, and cannot be undone by dismissal of the cause of action. *See Higginbotham v. Ohio Dep't of Mental Health*, 412 F. Supp. 2d 806, 812 (S.D. Ohio 2005) (holding that plaintiff's filing of a claim in the Court of Claims constituted a waiver of any state or federal claims against individual employees even though plaintiff voluntarily dismissed her claims and refiled in federal court); *Johansen v. Banks*, 2010 U.S. Dist. LEXIS 54105 (S.D. Ohio 2010) (holding that plaintiff waived claims despite voluntarily dismissing cause of action in Court of Claims).

Here, Plaintiff's claims against Tansey and Echler are barred because they are "based on the same act or omission" asserted in his Court of Claims complaint: his allegedly unlawful termination. And although it appears the Court of Claims, rather than Plaintiff, may have dismissed Plaintiff's claim under R.C. § 4113.41 (*see* Doc. No. 18 at 4 n.1), this Court does not find any reason to depart from the decisions in *Higginbotham* or *Johansen*. Plaintiff waived his claims against the individual Defendants when he filed his complaint in the Court of Claims against the Department asserting claims based upon his allegedly unlawful termination.

4

**Section 1983 Claims**

Defendants also argue Plaintiff's Section 1983 claims should be dismissed because the State is not a "person" for purposes of the statute. Plaintiff does not dispute this assertion, and for good reason: the doctrine is well-settled. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 65 (1989). This bar likewise applies to claims against state officials in their official capacity because "a suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office. As such, it is no different from a suit against the State itself." *See id.* at 71 (citation omitted).

Plaintiff nonetheless argues that, even though he is not entitled to money damages, this Court should not dismiss his Section 1983 claims because he is still entitled to prospective, injunctive relief. *See Ex parte Young*, 209 U.S. 123 (1908). While that may be true as a general proposition, Plaintiff did not request that relief in his Complaint. It is not at all clear what injunctive relief Plaintiff seeks or what this Court could now provide. Plaintiff's vague plea for injunctive relief in his opposition is not enough to keep his Section 1983 claims afloat.

## CONCLUSION

For the foregoing reasons, individual Defendants Tansey and Echler are dismissed from this action and Plaintiff's Section 1983 claims (Counts II and IV) are dismissed.

IT IS SO ORDERED.

    s/ *Jack Zouhary*
JACK ZOUHARY
U. S. DISTRICT JUDGE

July 22, 2011

5